# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ, *an individual, on behalf of all others similarly situated, and on behalf of Aggrieved Employees*,<br><br>Plaintiff,<br><br>v.<br><br>LUXOTTICA OF AMERICA INC.,<br><br>Defendant. | Case No. 1:26-cv-06566-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY REPRESENTATIVE PAGA CLAIMS<br><br>(ECF No. 7) |

Currently before the Court is Defendant Luxottica of America Inc.'s motion to compel arbitration, dismiss class claims, and stay representative PAGA claims. (ECF No. 7.) This matter was referred to the undersigned for the preparation of findings and recommendations by the assigned District Judge. (ECF No. 8.) Plaintiff timely filed a non-opposition to the motion, and therefore, the Court finds that resolution of this matter is suitable without a hearing. L.R. 202(b)(1). Having reviewed the record, the parties' briefing, and the relevant precedent, the Court will recommend granting the motion in full.

## I.

## BACKGROUND

Defendant Luxottica of America Inc. ("Luxottica") is a global leader in premium, luxury and sports eyewear with more than 6,350 optical and sunglass retail stores in North America, Asia-Pacific, China, South Africa and Europe. (ECF No. 7-4, Declaration of Jennifer Pelland

dated August 24, 2026 ("Pelland Decl."), ¶ 3.) Specifically, Luxottica markets and sells its products and services throughout the United States and internationally. (Id.) Defendant has employees working in offices in multiple states and countries, provides services to clients doing business across the nation and internationally, and uses interstate commerce, including telephone lines and the internet, to run its business operations. (Id.)

Plaintiff Jose Hernandez worked for Luxottica from March 20, 2022, to December 8, 2025. (Id. at ¶ 4.) In connection with that employment, Plaintiff agreed to a Dispute Resolution Agreement ("DRA"). (See ECF No. 7-5, DRA.) In connection with and as a condition to Plaintiff's employment, Plaintiff executed an acknowledgment agreeing to the DRA's agreement to arbitrate. (See ECF No. 7-4, Pelland Decl., ¶¶ 10-13.) As a condition of his employment, Plaintiff was instructed to review and acknowledge the 2023 EssilorLuxottica Employee Guide (the "Employee Guide") using the secure, centralized Human Resources platform: "My Personal Desk." (Id. at ¶¶ 5-12; see ECF No. 7-6, Employee Guide.) Plaintiff signed the Employee Guide and DRA acknowledgment on January 2, 2023. (Id. at ¶¶ 12-13; see ECF No. 7-6, Employee Guide; ECF No. 7-7, My Personal Desk: Jose Hernandez Record.) The DRA expressly provides that it is "enforceable under and subject to the Federal Arbitration Act . . . The parties further understand and agree that the Company is engaged in interstate commerce and this Agreement evidences a transaction involving interstate commerce." (ECF No. 7-5, DRA, Preface.) The DRA requires the parties to arbitrate "any and all disputes, claims or controversies . . . arising out of or related to" Plaintiff's employment through "**FINAL AND BINDING ARBITRATION**." (Id. at Preface and § 1) (emphasis and capitalization in original).

The DRA specifically provides that it broadly applies to all disputes and claims arising from Plaintiff's employment with Luxottica including claims for "minimum wage, expense reimbursement, overtime, or other compensation or any monies claims to be owed, breaks and rest periods . . . and all other federal or state legal claims . . . arising out of or relating to Your application, selection, employment, or the separation." (Id. at § 1.)

The DRA includes Section Six, entitled "Class and Collective Action Waivers," which states that:

> Both You and Company agree to bring any covered claim or dispute in arbitration on an individual basis only, and not as a class or collective action on behalf of others. Accordingly, there will be no right or authority for any dispute or claim to be brought, heard or arbitrated as a class or collective action, or as a member in any such class or collective action proceeding and the Arbitrator will have no authority to hear or preside over any such claim ("Class Action Waiver").

(Id. at § 6.)

Section Seven of the DRA is entitled "**PRIVATE ATTORNEYS GENERAL ACT ('PAGA') INDIVIDUAL ACTION REQUIREMENT**." (Id. at § 7) (bold and capitalization in original). The parties expressly "agree[d] to arbitrate PAGA claims on an individual basis only. Therefore, any claim by You under PAGA to recover for civil penalties or other individual relief under PAGA must be arbitrated and is covered by this Agreement." (Id.) The arbitrator is "without authority to preside over any PAGA claim by You or on behalf of any other person or joined by or consolidated with any other individual's PAGA claim(s)." (Id.)

On July 8, 2026, Plaintiff commenced this putative class action in California Superior Court, Fresno County, bringing claims for: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to pay wages upon discharge of employment/waiting time penalties; (6) failure to provide accurate itemized wage statements; (7) failure to keep requisite payroll records; (8) failure to reimburse business expenses; (9) failure to pay sick pay; (10) unfair business competition; and (11) PAGA violations. (ECF Nos. 1, 1-2.) On August 17, 2026, Luxottica removed the action to this Court. (ECF No. 1.) On August 24, 2026, Luxottica moved to compel arbitration, and on September 4, 2026, Plaintiff filed a non-opposition to the motion. (ECF Nos. 7, 13.)

## II.

## LEGAL STANDARD

Under the FAA, arbitration agreements "shall be valid irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract." 9 U.S.C. § 2. The district court's role under the FAA in deciding whether a dispute is arbitrable is generally "limited to determining (1) whether a valid agreement to arbitrate exists; and if it does (2)

whether the agreement encompasses the dispute at issue." Revitch v. DIRECTV, LLC, 977 F.3d 713, 716 (9th Cir. 2020), quoting Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Chiron Corp., 207 F.3d at 1130. "Although there is generally a presumption in favor of arbitration, 'the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made.'" Winkler v. McCloskey, 83 F.4th 720, 728-29 (9th Cir. 2023), quoting Johnson v. Walmart Inc., 57 F.4th 677, 680-81 (9th Cir. 2023).

In resolving a motion to compel arbitration, the district court applies the summary judgment standard outlined in Rule 56 of the Federal Rules of Civil Procedure. Hansen v. LMB Mortg. Servs., Inc., 1 F.4th 667, 670 (9th Cir. 2021). The moving party bears "the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." Norcia v. Samsung Telecomms. Am., LLC, 845 F.3d 1279, 1283 (9th Cir. 2017) (quotations and citations omitted). The party opposing arbitration bears the burden of proving any defense. Lim v. TForce Logistics, 8 F.4th 992, 999 (9th Cir. 2021).

## III.

## DISCUSSION

Though Plaintiff has filed a non-opposition to Luxottica's motion, the Court nevertheless addresses the issues raised in its motion. To begin with, the Court finds that the FAA clearly applies to the parties' DRA because the DRA specifically states that "[t]he parties agree that this Agreement is enforceable under and subject to the Federal Arbitration Act (9 U.S.C. §§ 1-16) ('FAA')." (ECF No. 7-5, DRA, Preface.) This statement alone brings it within the purview of the FAA. See Barrera v. Apple Am. Grp. LLC, 95 Cal. App. 5th 63, 76, 313 Cal. Rptr. 3d 176 (Cal. Ct. App. 2023) ("The FAA applies to contracts that involve interstate commerce . . ., but since arbitration is a matter of contract, the FAA also applies if it is so stated in the agreement."); see also Davis v. Shiekh Shoes, LLC, 84 Cal. App. 5th 956, 963, 300 Cal. Rptr. 3d 787 (Cal. Ct. App. 2022).

Next, normally in deciding whether to compel arbitration, a court is charged with

determining two "gateway" issues: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. Howsam v. Dean Witter Reynolds, 537 U.S. 79, 83-84 (2002). However, there is an exception to this general rule when "the parties clearly and unmistakably provide otherwise," including by agreeing to delegate those issues to an arbitrator. AT&T Techs., Inc. v. Commc'n Workers of Am., 475 U.S. 643, 649 (1986); see also First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995) ("[T]he question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about that matter."). In such cases, a court examines the underlying contract to determine whether the parties have agreed to delegate the question of arbitrability to the arbitrator. Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 70 (2010) ("An agreement to arbitrate a gateway issue is simply an additional antecedent agreement the party seeking arbitration asks the court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other.").

Here, the Court finds that the parties clearly agreed that "[t]he Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the validity, scope, applicability, enforceability, or waiver of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable." (ECF No. 7-5, DRA, § 1.) Thus, it appears that any challenges to the enforceability or validity of the DRA must be submitted to arbitration.[1] Therefore, the Court will recommend that Luxottica's motion to compel arbitration be granted, including Plaintiff's individual PAGA claims. Viking River Cruises v. Moriana, 596 U.S. 639, 662 (2022); see Diaz v. Macys West Stores, Inc., 101 F.4th 697, 704 (9th Cir. 2024), citing Nelsen v. Legacy Partners Residential, Inc., 207 Cal. App. 4th 1115, 1119, 1130, 144 Cal. Rptr. 3d 198 (Cal. Ct. App. 2012) and Walker v. Scoobeez, No. 18-cv-06108 AB (RAOx), 2018 WL 11321932, at *3 (C.D. Cal. Aug. 22, 2018).

Moreover, the Court finds that pursuant to the terms of the DRA, Plaintiff's claims must

---

[1] In light of this finding, the Court declines to address Luxottica's alternative argument that even if the DRA had not delegated arbitrability issues to the arbitrator, the motion should nonetheless be granted. (ECF No. 7-1, pp. 14-16.)

be arbitrated on an individual basis, necessarily meaning that Plaintiff's class claims should be dismissed. The DRA expressly requires claims to be submitted to arbitration on an individual basis, prohibits Plaintiff from proceeding on a "class" basis, and limits the arbitrator's authority to awarding individual relief. (ECF No. 7-8, DRA, § 6.) Through the FAA, courts have been instructed by Congress "to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." Epic Systems Corporation v. Lewis, 584 U.S. 497, 502 (2018). Here, the class action waiver in the DRA is enforceable. See id. at 524-25. Accordingly, the Court will recommend that Plaintiff's class action claims be dismissed. See, e.g., Sweeney v. Tractor Supply Co., 390 F. Supp. 3d 1152, 1161-62 (N.D. Cal. 2019).

As is commonplace, to ensure the parties' agreement to arbitrate the merits of Plaintiff's individual claims is enforced according to its terms, the non-individual, representative PAGA claims must be stayed pending individual arbitration. See 9 USC § 3; Cal. Civ. Proc Code § 1281.4; Franco v. Arakelian Enterprises, Inc., 234 Cal. App. 4th 947, 966 (Cal. Ct. App. 2015) ("Because the issues subject to litigation under the PAGA might overlap those that are subject to arbitration of [plaintiff's] individual claims, the trial court must order an appropriate stay of trial court proceedings."). Additionally, a stay is required to avoid wasting resources and risking inconsistent rulings because arbitration will determine whether Plaintiff has standing to pursue representative, non-individual PAGA claims on behalf of other workers. Adolph v. Uber Technologies, Inc., 14 Cal. 5th 1104, 1124 (Cal. 2023) ("If the arbitrator determines that [the plaintiff] is not an aggrieved employee and the court confirms that determination and reduces it to a final judgment, the court would give effect to that finding, and [the plaintiff] could no longer prosecute his non-individual claims due to lack of standing."); Cal. Lab. Code § 2699(c)(1). Therefore, the Court will recommend the representative PAGA claims, together with all further proceedings in this action, be stayed pending completion of binding arbitration.

Relatedly, all proceedings, including all discovery propounded by Plaintiff, must be stayed pending determination of this motion. Cal. Code of Civ. Proc. § 1281.4; see also, e.g., Franco, 234 Cal. App. 4th at 966. Once Plaintiff is compelled to arbitrate his individual claims, these proceedings should be stayed pending completion of arbitration. See 9 U.S.C. § 3; Smith

v. Spizzirri, 601 U.S. 427, 478-79 (2024).

IV.

**ORDER AND RECOMMENDATION**

The Court HEREBY ORDERS that the October 28, 2026 hearing on the motion to compel arbitration is VACATED.

Based on the foregoing, IT IS HEREBY RECOMMENDED that that Defendant Luxottica of America Inc.'s motion to compel arbitration, dismiss class claims, and stay representative PAGA claims be GRANTED as follows:

1. Plaintiff be compelled to submit all his individual claims in this action to binding arbitration, including Plaintiff's individual PAGA claims;
2. The putative class claims be dismissed;
3. The non-individual, representative PAGA claims be stayed; and
4. All further court proceedings be stayed pending completion of binding arbitration of Plaintiff's individual claims.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Absent leave of the Court, any objections shall not exceed **fifteen (15) pages** and, absent good cause and leave of the Court, shall be limited to arguments previously presented by the parties or ruled upon by the Court, and shall not cite any new authority which could have been cited at the time of the filing.

/ / /

/ / /

/ / /

/ / /

/ / /

The District Judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of right to appeal the Magistrate Judge's factual findings. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014), quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge